United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 5, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

————

No. 04-61092

————

MERRIDITH KEE,

Plaintiff-Appellant,

versus

MARINER HEALTH CARE MANAGEMENT COMPANY, INC,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC 1:04-CV-60-GHD-JAD

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Merridith Kee appeals the district court's order compelling arbitration. Kee claims that

Mariner Health Care Management Company ("Mariner") fired her for notifying the Mississippi

Department of Nursing of nursing violations. Kee sued Mariner in federal district court. The district

court granted Mariner's motion to compel arbitration. There are two issues on appeal: (1) whether

the district court's order compelling arbitration is a final appealable order and (2) whether the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court properly granted the motion to compel arbitration.

Section 16(a)(3) of the FAA states, "[a]n appeal may be taken from a final decision with respect to an arbitration that is subject to this title." 9 U.S.C. § 16(a)(3). Mariner claims that since the district court "closed" the case in granting the motion to compel, it is not a final decision, thus, precluding appellate jurisdiction. This argument holds not merit. *See American Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 708 (5th Cir. 2002). Thus, the motion to dismiss for lack of jurisdiction is denied.

Kee claims that she did not assent to the arbitration agreement because she did not read it and was not told what it contained. Failure to read a contract does not precl ude contract formation. *Washington Mut. Fin. Group, L.L.C. v. Bailey*, 364 F.3d 260, 264-65 (5th Cir. 2004) ("we hold that under Mississippi law, the inability to read and understand the arbitration agreement does not render the agreement unconscionable or otherwise unenforceable."). As she continued employment, she agreed to arbitrate. *See May v. Higbee*, 372 F.3d 757, 764-65 (5th Cir. 2004) ("Continuing one's employment after receiving notice that continued employment will constitute assent is a recognized manner of forming a contract.").

Kee claims that the arbitration agreement is unenforceable on grounds of unconscionablility. Specifically, she claims that she was not given an opportunity to bargain and that she would not get her paycheck if she did not sign it. Under Mississippi law, a contract can be unconscionable in two ways: procedurally and/or substantively. *Russell v. Performance Toyota, Inc.*, 826 So.2d 719, 725 (Miss.2002). Here, Kee claims procedural unconscionability. Procedural unconscionability is proved by showing "a lack of knowledge, lack of voluntariness, inconspicuous print, the use of complex legalistic language, disparity in sophistication or bargaining power of the parties and/or a lack of

2

opportunity to study the contract and inquire about the contract terms." *Id.* The facts here do not rise to the level of unconscionability. *See Carter v. Countrywide Credit Industries, Inc.*, 362 F.3d 294, 301 (5th Cir. 2004).

Accordingly, the motion to dismiss for lack of jurisdiction is DENIED and the order compelling arbitration is AFFIRMED.